UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COURTNEY LONG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-03723-JPH-DLP |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYNG PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Courtney Long's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case NCN 19-04-0013. For the reasons explained in this Entry, Mr. Long's petition is denied.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. Disciplinary Proceedings

On April 17, 2019, Indiana Department of Correction (IDOC) Correctional Officer LeMaster wrote a Report of Conduct charging Mr. Long with a violation of Code B-240/212, Attempted Assault on Staff as follows:

> On the above date and approximate time I Officer LeMaster told Off. Long, Courtney (108201) to return to his cell. Off. Long then came at me in an aggressive, threatening manner. Off. Long, Courtney (108201) had to be restrained, physically, by multiple inmates. Off. Long, Courtney (108201) has been advised of this conduct report.

Dkt. 7-1.

On April 22, 2019, Mr. Long received the Notice of Disciplinary Hearing Screening Report notifying him of the charge. Dkt. 7-2. Mr. Long pleaded not guilty. *Id.* He requested three witnesses: (1) Craig, Larry, (2) Petry, Antonio, and (3) an unidentified "white guy," presumably Officer Hensley, to make statements regarding whether Mr. Long attempted to assault the officer. *Id.* Mr. Long also requested physical evidence of the video of the dayroom on April 16, 2019, from 17:10 to 17:40 stating that it would "show another offender was just talking to him and getting him to go to his cell." *Id.* Multiple witnesses provided written statements in lieu of appearing at the hearing.

Officer Hensley provided the following statement:

> On the above date and approximate time officer LeMaster gave offender Long 108201 a direct order to lock up. Offender Long then began screaming and walking towards officer LeMaster. Offender Long then walked away from officer LeMaster still yelling profanities.

Dkt. 7-8.

Offender Michael Campbell provided the following statement:

> He never attempted to assault the officer in any type of way! We was all standing there having a conversation with the officers & not once did he attempt to do anything like that.

2

Dkt. 7-9.

>Offender Petry provided the following statement:

>Long did not threaten or attempt to assault officer LeMaster. I told Long to not pay officer LeMaster any attention and to just go back to his room because officer was provoking Long.

Dkt. 7-10.

>Offender Craig provided the following statement:

>Offender Long never attempted to assault any officer[.] He cut the phone off on offender Long and offender Long was telling the officer that you need to talk and respect people more that was all it was[.] He never tried to assault the officer.

Dkt. 7-11.

Mr. Long was not allowed to view the video evidence for security reasons, but the disciplinary hearing officer (DHO) reviewed the video of the incident and summarized it as follows:

>The video for the above case was reviewed from 17:10 to 17:40 as the offender requested. Video shows the Officers walk into the pod and a group of offenders gather around them. The camera is too far away and the video quality is too poor to identify anyone or see any details. Camera does not record sound.

Dkt. 7-6. The Court has reviewed the video footage provided for *in camera* review and finds that the summation accurately depicts the events that occurred.

Mr. Long's disciplinary hearing was initially postponed, and then occurred on May 1, 2019. Dkt. 7-5. Mr. Long submitted a written statement and commented that he "didn't attempt to assault [the officer]. He was messin with me. He cut the phone off on me." *Id.*

The DHO found Mr. Long guilty based upon the conduct report, statement of offender, evidence from witnesses, and video evidence. The Court notes that the DHO modified the charge

to a violation of Code B-236, Disorderly Conduct.[1] *Id.* Mr. Long's sanctions included a deprivation of 45-days earned credit time and a credit class demotion. *Id.*

Mr. Long appealed to the Facility Head and the IDOC Final Reviewing Authority, but neither appeal was successful. Dkt. 7-12; dkt. 7-13. He then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1.

**C. Analysis**

Mr. Long raises three grounds in his petition: (1) he did not receive a hearing by an impartial decision-maker; (2) he was denied the ability to present evidence he requested; and (3) the sanctions imposed were excessive. *Id.* at 2. For the first time in his reply, Mr. Long states that the record is "devoid of any reliable evidence" that he was disorderly and disrupted the security of the facility. Dkt. 15 at 2. The Court will not consider this argument as "[a]rguments raised for the first time in a reply brief are waived." *Stechauner v. Smith*, 852 F.3d 708, 721 (7th Cir. 2017).

**1. Impartial Decision-Maker**

Mr. Long argues that because the sanctions were being completed as he was walking into the hearing and before the DHO heard any live witnesses, and because he denied the allegation in his statement, the DHO was partial in his decision. Dkt. 1 at 2; dkt. 16 at 4. In his reply, he contends that the DHO "played the role of a prosecutor" by writing a summation of the video evidence and withheld evidence of Sgt. Seye, who would have testified about the reporting officer's history of grievances and falsification of this report against Long. Dkt. 16 at 4-5.

A prisoner in a disciplinary action has the right to be heard before an impartial decision-maker. *Hill*, 472 U.S. at 454. However, hearing officers "are entitled to a presumption of honesty

---

[1] Disorderly conduct is defined as "exhibiting conduct which disrupts the security of the facility or other area in which the offender is located." *See* Dkt. 7-14 at 1, 02-04-101 Appendix I: Offenses (June 4, 2018).

4

and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v Larkin*, 421 U.S. 35, 47 (1975)). Moreover, the "constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the prison. *Piggie*, 342 F.3d at 666. The presumption is overcome—and an inmate's right to an impartial decision-maker is breached—in rare cases, such as when the hearing officer has been "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Simply put, Mr. Long has not presented clear evidence to overcome the presumption that his hearing officer was impartial. The DHO's preparation of a written summary of the video evidence prior to a disciplinary hearing is a part of his or her overall role to review and consider available evidence in disciplinary cases. Moreover, it is not out of the ordinary for a DHO to review evidence in the record prior to a disciplinary hearing in order to prepare and preside over such hearing. Mr. Long admits that the DHO did "base" his decision off of his statement. Dkt. 1 at 2. The DHO articulated his basis for his decision as a culmination of staff reports, Mr. Long's statement, all of the witness statements, and the video. Dkt. 7-5. The Court notes that Mr. Long did not request any evidence from Sgt. Seye at screening.

As a result of this review, the DHO modified the charge against Mr. Long to a less serious offense and reduced the sanction from a deprivation of 90-days earned credit time to 45 days. *Id.* Mr. Long has not shown that the DHO was directly or substantially involved in the factual events underlying his charge or the investigation of such.

Accordingly, habeas relief on this ground is **denied.**

**2. Denial of Evidence**

Mr. Long contends only generally that he was denied evidence of camera footage and witness statements in his petition. Dkt. 1 at 2. Mr. Long's petition states this ground for relief as: "I asked for camera footage and witness statements that was not presented nor used in the decision making process." Dkt. 1 at 2. In his reply, he claims that he requested "live testimony" from Officer Hensley and Offenders Campbell, Petry, and Craig, and that this failure to present these witnesses in person violated his due process rights. Dkt. 16 at 7. The respondent did not address the issue of live testimony because this contention was not raised in the petition. Mr. Long waived this argument regarding "live testimony" by not raising it in his petition, but only in the reply. *Stechauner*, 852 F.3d at 721.

But even if this argument had not been waived, Mr. Long cannot show the lack of "live testimony" prejudiced him, so any error would be harmless error. *See Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir. 2011). Mr. Long wanted his witnesses to state whether he had attempted to assault the officer. The witnesses uniformly said that he had not. This evidence apparently persuaded the DHO to modify the charge to disorderly conduct, a charge that does not encompass any attempted assault. Mr. Long has not identified what else his witnesses would have said and, therefore, has not shown that any denial of live testimony resulted in prejudice. The DHO considered the witness statements that Mr. Long had requested. There is no due process error in this regard.

Although Mr. Long was not allowed to view the video evidence, the DHO explained that this was based on security concerns. Moreover, the Court has reviewed the video *in camera*, and has concluded that the DHO's summary was accurate. The video evidence was not clear enough to add any substance to the record.

6

Accordingly, habeas relief on this ground is **denied.**

**3. Excessive Sanctions**

The respondent argues that Mr. Long failed to exhaust his administrative remedies as to excessive sanctions, and this ground is now procedurally defaulted. The Court has reviewed Mr. Long's first level appeal[2] and finds that Mr. Long did not raise this ground in his appeals, nor has he explained why he did not do so.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus unless a showing of "cause and prejudice or a miscarriage of justice (meaning conviction of an innocent person)" has been made. *See* 28 U.S.C. § 2254(b)(1)(A); *Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). Mr. Long has not shown cause and prejudice.

Accordingly, habeas relief on this ground is **denied.**

**D. Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Long to the relief he seeks.

---

[2] Mr. Long's first level appeal on May 8, 2019 reads: "The record is completely devoid of any evidence that Long was disorderly while exercising oral grievances of racial discrimination which is in his job description as program mentor; 2. Denial of live witness testimony denies due process; 3. denial of physical evidence complete video review; 4. denial of exculpatory evidence (Sgt. Seye) that proved Long innocent; 5. denial of impartial decision-maker for prevaricating video report; 6. Denial of a reasoned explanation as to why it believed an officer that racially discriminated against Long, retaliated against Long by filing false conduct report and then quit his job over Long's credible witness and 7. Violation of I.C. 11-11-5-5(a) right to confront[.]" Dkt. 7-12.

Accordingly, Mr. Long's petition for a writ of habeas corpus must be **denied** and the **action dismissed.**

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 1/6/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

COURTNEY LONG
108201
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov